## JOHNSON, Guardian, v. BROWN et al.

No. 8154—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

### Guardian and Ward—Removal of Guardian —Sufficiency of Evidence.

Record examined, and held, that there was no evidence adduced at the trial reasonably tending to support the judgment of the trial court appealed from.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Petition by Josiah Brown and Katie Brown for removal of D. W. Johnson as guardian of Katie Brown. From order of district court so removing him, Johnson brings error. Reversed.

J. H. Patterson and Stuart, Cruce & Cruce, for plaintiff in error.

J. L. Skinner and W. T. Anglin, for defendants in error.

KANE, J. This is an appeal from the action of the district court of Okfuskee county in reversing the action of the county court of said county in refusing to discharge the plaintiff in error, D. W. Johnson, as guardian of the estate of Katie Brown, a minor.

The facts out of which this controversy arose may be briefly summarized as follows:

Katie Brown was a mixed-blood Creek minor, over the age of fourteen years, and the owner of quite a valuable estate, and Josiah Brown, her father, was the duly appointed guardian of her person and her estate. For some reason, not necessary to a decision of the question presented for review, Josiah Brown and Katie Brown became convinced that it was desirable to have another person appointed guardian in conjunction with Josiah Brown, and Alva E. Smith, who at that time resided at Dustin, in Okfuskee county, was agreed upon as a proper person to act in this capacity. Upon this decision being reached, Mr. McLennan, who at that time was acting as counsel for the Browns, filed a petition in the county court of Okfuskee county asking for the appointment of Mr. Smith. This petition was filed about the 24th day of March, 1915, and was set for hearing on the 30th day the same month. On the date set for the hearing, Josiah Brown, the guardian, and Katie Brown, the minor, appeared in person and by their counsel, Mr. Huddleston, before the county court and filed a protest against the appointment of Alva E. Smith as guardian, stating that they did not know at the time they signed the application for the appointment of the guardian that it contained a request for the appointment of Mr. Smith. In addition to this protest, Josiah Brown, on the same date, filed his resignation as guardian of the estate of Katie Brown, and Katie Brown filed a written request nominating and naming D. W. Johnson, plaintiff in error herein, as her guardian. Acting upon this nomination and upon the evidence before him, the county judge made a finding and order appointing D. W. Johnson as guardian of the estate of Katie Brown, whereupon Mr. Johnson gave bond and took the oath as guardian, as required by law. This order appointing Mr. Johnson guardian was made on the 31st day of March, 1915, and no appeal was ever prosecuted therefrom. Thereafter, on the 10th day of April, 1915, Josiah Brown and Katie Brown filed a petition in the county court praying for the removal of Johnson as guardian, in which they alleged that the appointment of Mr. Johnson as guardian was procured by fraud, and further alleged, in a general way, that Johnson was unfit to act as guardian for the estate of Katie Brown, etc. Upon a full hearing of this petition the county court refused to remove Mr. Johnson as guardian, and thereafter, upon a trial de novo on appeal, the district court reversed the order of the county court and entered an order not only removing Mr. Johnson as guardian of the estate of Katie Brown, but appointing Mr. McLennan in his place. It is to reverse this order that this proceeding in error was commenced.

In this court counsel for the Browns say in their brief that, "in the light of the recent case of Parker v. Lewis, 45 Okla. 807, 147 Pac. 310, we concede that the district court was powerless to make the direction as to

who should be appointed guardian," so the question of jurisdiction of the district court to appoint Mr. McLennan is out of the case.

The theory upon which the proceeding for removal of Mr. Johnson was commenced and prosecuted is stated by counsel for the Browns in their brief as follows:

"The decisive issue in the trial of this case and the decisive issue involved in this case, as counsel say, was whether or not Johnson should be removed as guardian. The sole ground that defendants in error relied upon in the district court, and the sole ground that we rely upon now, is that in effect a fraudulent consent and nomination was procured at the beginning from the minor, Katie Brown, to the appointment of D. W. Johnson as her guardian. If this is not sufficient ground for removal of a guardian in a case of this kind, the attack being made as it was, then we concede that plaintiff in error should prevail."

In view of these concessions, it becomes unnecessary to notice any other question than the one thus presented. And on this question we deem it sufficient to say that we have examined the record very closely for the purpose of discovering, if possible, the evidence upon which the charge is based that Katie Brown was induced by fraud to agree to the appointment of Mr. Johnson as her guardian, and are unable to find a particle of evidence to that effect. The evidence shows that the Browns came to Okfuskee on the morning of the day set for the hearing of their petition to appoint Alva E. Smith as guardian, and voluntarily called upon Mr. Huddleston, a lawyer of that place, for advice in the premises. It appears that the Browns had become dissatisfied with the nomination of Mr. Smith and wished to nominate some other person as guardian. Their first choice was Mr. Will Brown, an uncle of the girl and a brother of Josiah Brown, and upon it being discovered that he was disqualified, then Mr. Johnson was nominated in his place. We are unable to find any evidence of any undue influence on the part of Mr. Huddleston or any other person, in bringing about this appointment. Mr. Johnson is a reputable banker of Okfuskee and is concededly a suitable person to act as guardian. Even if his nomination was suggested to Katie Brown by Mr. Huddleston, as charged by opposing counsel, it cannot be said that this was bad advice to give his clients. There is some complaint made of the conduct of Mr. Huddleston in appearing as counsel for the Browns, thus displacing Mr. McLennan, who had previously acted in that capacity. But, whatever ground of complaint Mr. McLennan may have had on that score, we are satisfied that the Browns have

no reason to complain of the advice of counsel given to them by Mr. Huddleston, or to charge him with fraud or undue influence in the matter of the appointment of Mr. Johnson.

Upon the evidence introduced in the county court, it was found that Johnson was a suitable person to act as guardian for Katie Brown, and this much is now conceded. It was also found as a fact that the nomination of Mr. Johnson was not procured by fraud. In view of the foregoing concessions, the district court must have reversed the judgment of the county court upon the sole ground now urged by counsel, that the nomination of Mr. Johnson by Katie Brown was procured by fraud.

Finding no evidence in the record to support this conclusion, it follows that the judgment of the district court must be reversed and the cause remanded, with directions to enter an order affirming the judgment of the county court.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.